UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

In Re:  VINCENT MARTIN,                )    Case No.:  19-10352 C-13G
                                       )
                      Debtor           )
_____)

**MOTION PURSUANT TO 11 U.S.C. §362(c)(4)
TO HAVE THE STAY TAKE EFFECT**

    NOW COMES the Debtor, by and through counsel, and moves the Court for an order pursuant to 11 U.S.C. §362(c)(4) to initiate the automatic stay provisions of 11 U.S.C. §362(a) as to all creditors. In support of the motion, the undersigned respectfully shows unto the Court the following:

    1. The Debtor filed a voluntary petition under Chapter 13 of the U.S. Bankruptcy Code on April 2, 2019.  The plan has not yet been confirmed.

    2. The Debtor filed a previous chapter 13 case on October 16, 2017, case number 17-11150, which was dismissed on June 14, 2018 prior to confirmation. The Debtor filed a subsequent chapter 13 case on August 16, 2018,  case number 18-10892, which was dismissed prior to confirmation on January 9, 2019.

    3. Pursuant to 11 U.S.C. §362(c)(4), the automatic stay provisions of 11 U.S.C. §362(a) did not take effect on the date of the petition filing of this case. Section 362(c)(4) permits the Court to enter an order to cause the stay provided by 11 U.S.C. §362(a) to take effect, upon motion within 30 days of the commencement of the case.

    4. The Debtor has for 27 years been an employee of the City of Greensboro. The debtor ran into some difficulty with the payment of his debts, including his home mortgage in 2017 and fell behind.  He filed his first chapter 13 case to reorganize his debts and to save his home. Unfortunately, the Debtor had issues regarding unfiled tax returns and that plan was dismissed while he was addressing the tax return issues. The undersigned did not represent the Debtor in the  2017 case.

    5. The Debtor filed the 2018 chapter 13 case to save his home and reorganize his debts. He was successful in resolving his unfiled tax return issue, but during the time between cases, the Internal revenue Service was able to file a tax lien which then substantially changed the repayment needed in the second chapter  13 case. The Debtor attempted to restructure his expenses and income to deal with the payment required in the second case, but was unable to do so in sufficient time to avoid default in the 2018 chapter 13 case to obtain confirmation of his plan and to avoid dismissal of the case.

    6. Following dismissal of the second case, the Debtor continued to work on obtaining additional sources of income, and was successful in having his brother move into his home. The brother receives government assistance in the form of social security income, and contributes an additional $400.00 per month . His brother moved in with the Debtor in February 2019 and has just started paying the additional sum to the Debtor.

    7. The Debtor owns a very modest home, valued at $56,800.00 His mortgage with Mr. Cooper has a balance of approximately $31,000.00, and a monthly payment of approximately $586.00. The remaining value of the home secures the indebtedness to the Internal Revenue Service, and provides to the Internal revenue Service a secured claim of approximately $25,700.00.

    8. The Debtor seeks to have the protections of chapter13 to allow him to retain the home he and his brother reside in, and to make payment to the other creditors in his case, including the Internal Revenue Service and the North Carolina Department of Revenue. The creditor most affected by initiating the automatic stay is Mr. Cooper, the first mortgage creditor in the case. They are adequately protected by an equity cushion of approximately $25,700, which is nearly a 90% equity cushion for its debt. It is highly unlikely that Mr. Cooper would be financially harmed by allowing the Debtor to have a third chapter 13 case.

9. Mr. Cooper has resumed the foreclosure action and has scheduled a sale of the Debtor's home on April 3, 2019. The Debtor and the undersigned are unaware of any other collection efforts or pending legal actions by any creditor in the case. The Debtor seeks the protections of the automatic stay to permit the Debtor to retain his personal residence of many years.

10. The successful completion of this bankruptcy plan will allow the Debtor to, resume monthly payments on his personal residence and cure default, as well as pay certain delinquent tax obligations that are secured by a tax lien or are a priority tax claim. The addition of the additional income from the Debtor's brother would constitute a substantial change in the debtor's circumstances that would warrant entry of an order causing the stay provisions of
11 U.S.C. §362(a) to immediately take effect and rebut the presumption that this case has been filed in bad faith.

WHEREFORE, the debtors respectfully request the Court enter an order:

1. Causing the stay provisions of 11 U.S.C. §362(a) to take effect as to all creditors until such time as the Court orders otherwise, or the case is discharged or dismissed;

2. Setting this hearing for April 9, 2019 at 2:00pm or, in the alternative, the earliest date available to the Court;

3. Providing for such other and further relief as the Court deems fit and proper.

This the 2nd day of April, 2019.

/s/Phillip E. Bolton
Phillip E. Bolton SB #12326
Attorney for the Debtors
622-C Guilford College Rd.
Greensboro, NC 27409
(336) 294-7777

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

In Re:  VINCENT MARTIN,       )   Case No.: 19-10352 C-13G
                              )
         Debtor               )
                              )

CERTIFICATE OF SERVICE

The undersigned Attorney hereby certifies that he served the foregoing MOTION TO CAUSE STAY PROVISIONS TO TAKE EFFECT upon the parties listed below by causing said document(s) to be deposited in a post-paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service.

This the 2nd day of April, 2019.

                              by:    /s/Phillip E. Bolton
                                     PHILLIP E. BOLTON
                                     Attorney for Debtor
                                     622-C Guilford College Rd.
                                     Greensboro, NC 27409
                                     (336) 294-7777

SERVED ON:

Anita Jo Kinlaw Troxler
Chapter 13 Office
P.O. Box 1720
Greensboro, NC 27402-1720

Brock & Scott, PLLC
8757 Red Oak Blvd, Suite 150
Charlotte, NC 28217

see attached matrix

Community Housing Solutions of Guilford
P.O. Box 3341
Greensboro, NC 27402

Employment Security Commission
Attn: Tax Dept.
P.O. Box 26504
Raleigh, NC 27611-6504

Guilford Co. Tax Department
P.O. Box 3427
Greensboro, NC 27402

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Mr. Cooper
8950 Cypress Waters Boulevard
Coppell, TX 75019

NC Dept. of Revenue
P.O. Box 1168
Raleigh, NC 27640

One Main Financial
2216 W. Meadowview Road, Suite 100
Greensboro, NC 27407

Wells Fargo National Bank
MAC N8235-040
7000 Vista Drive
West Des Moines, IA 50266